**Atom AZARAK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73825.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007 *.

Filed July 25, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Kathryn A. Warma, Esq.,

Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Atom Azarak, a native and citizen of the Central African Republic ("CAR"), petitions for review of the Board of Immigration Appeal's ("BIA") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Azarak claims he was detained and repeatedly beaten by government authorities because he is a member of the Yacoma tribe and was accused of being involved in the former president's 2001 coup attempt. "Where, as here, the BIA adopts the [I]mmigration [J]udge's decision and also adds its own reasons, we review both decisions." *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). As long as one of the Immigration Judge's ("IJ") identified reasons for disbelief underlying an adverse credibility finding is supported by substantial evidence, we are bound to accept the negative credibility finding. *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). Here, however, the IJ's and the BIA's adverse credibility determinations were not supported by substantial evidence, and thus we grant the petition and remand to the BIA for further proceedings. *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

The IJ's assertion that Azarak failed to explain why his friend wrote him a letter in French, when Azarak only reads

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Arabic, is erroneous and not a cogent reason for an adverse credibility finding. Azarak *did* explain why the letter was written in French [1]—an explanation that is further supported by the State Department Country Reports, which list French as CAR's official language, and the IJ's use of a French interpreter during one of Azarak's preliminary hearings.

The IJ found Azarak's testimony inconsistent with his asylum application because at the hearing Azarak stated that he learned about the destruction of his home from his friend's letter, yet his asylum application, which was filed prior to receiving the letter, also mentions that his property was destroyed. Azarak explained to the IJ that his friend confirmed what he already thought to be true. Even if this is an inconsistency, the exact moment Azarak first learned that his property had been destroyed is not central to his claim. "[M]inor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Singh v. Gonzales*, 439 F.3d 1100, 1108–09 (9th Cir.2006) (internal quotations omitted).

The IJ also impermissibly based his adverse credibility finding on information from a Country Report stating that after the May 2001 coup attempt, approximately half the Yacoma population fled the country. The IJ found it significant that Azarak and his father are members of the Yacoma tribe, yet they remained in the country and did not experience any problems until December 2001. Evidence that half the Yacoma population fled immediately after the coup is certainly not evidence that the *entire* population left or even that everyone who feared for their safety left. "While an IJ may use a Department of State Report to discredit a generalized statement about a country, it may not be used to discredit specific testimony regarding a petitioner's experience." *Id.* at 1110. Contrary to the IJ's conclusions, the Country Reports in the record bolster Azarak's credibility because they document the severe danger and human rights abuses that members of the Yacoma tribe faced following the coup. Thus, "[t]he IJ's reliance on general descriptions in the [Resource Information Report] to find [Azarak's] testimony implausible and incredible was [ ] improper." *Id.* at 1110–11.

The IJ also found Azarak not credible because neither the handwritten asylum application prepared by a friend, nor the asylum officer's assessment report, explain in detail the daily beatings Azarak endured post-detention. We have held that "[o]missions from asylum applications are often not a sufficient basis for discrediting later testimony." *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). "[A]sylum forms filled out by people who are unable to retain counsel should be read charitably, especially when it comes to the absence of a comprehensive and thorough account of all past instances of persecution." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir.2005) (internal quotations omitted). Azarak's handwritten application includes a statement about "going to the police station" every day, but the rest of the sentence is illegible. The asylum officer's report also states that Azarak was forced to report everyday for a month, during which he was interrogated and "pressured" to admit things. Where there

---

1. Azarak explained that his friend could only write in French and that, although Azarak could not read French, he understood the French language and was able to get another friend to read the letter to him.

is no transcript of the interview, no record of the questions asked, and the asylum officer does not testify during the hearing, we have held that the asylum interview is a "potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility determination." *Singh v. Gonzales,* 403 F.3d 1081, 1087 (9th Cir.2005). Therefore, substantial evidence does not support the IJ's adverse credibility finding on these grounds.

■ The IJ also found it implausible that Azarak bribed the "head of the airport" to help him leave the country. The IJ's finding that it is unlikely that the government would allow someone previously affiliated with the former president to hold a high position at the airport is based on speculation about how CAR's government was operating its airport at the time. Moreover, it is speculation on the part of the BIA to assume that CAR's passport agency would not renew the passport of a man that, unbeknownst to them, would be arrested by soldiers a week later. "Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

The IJ's personal conjecture that an individual with financial means would not have tolerated daily beatings for a month and his speculation about what Azarak should have done under the circumstances are also impermissible grounds for an adverse credibility finding. *Id.* at 1071.

Because none of the adverse credibility grounds proffered by the IJ or the BIA are supported by substantial evidence, we reverse the adverse credibility finding. *Kaur,* 379 F.3d at 890. Because neither the IJ nor the BIA provided a reasoned analysis with respect to the merits of Azarak's asylum, withholding of removal, or CAT claims, we remand to the BIA to

consider whether, taking his testimony as true, Azarak is eligible for relief. *Stoyanov v. INS,* 172 F.3d 731, 735–36 (9th Cir.1999).

**GRANTED and REMANDED.**